IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,

  v.                                                  OPINION and ORDER

GARY BOUGHTON, MARK KARTMEN,
ANTHONY BROADBENT,                             19-cv-927-wmc
THOMAS TAYLOR, LOGAN BROWN,
and K. JORGENSON,

                Defendants.

---

      Plaintiff Armin Wand, III, who represents himself, is an inmate incarcerated by the Wisconsin Department of Corrections at Fox Lake Correctional Institution. After screening Wand's amended complaint as required under 28 U.S.C. §§ 1915(e)(2)(B), 1915A, the court granted him leave to proceed with two retaliation claims against defendant Unit Manager Anthony Broadbent stemming from a disciplinary matter that occurred at the Wisconsin Secure Program Facility ("WSPF"). (Dkt. #10.) Broadbent has now filed a motion for partial summary judgment, arguing that Wand did not exhaust available administrative remedies as to one of his retaliation claims before filing this federal lawsuit. (Dkt. #18.) For the following reasons, the court will grant defendant's motion.

## OPINION

      On June 16, 2019, Broadbent issued Wand a conduct report (CR 00022459) for possessing contraband in the form of paper and envelopes, making an unauthorized transfer of property to another inmate, and disobeying orders. (Dkt. #21-1, at 2-3.) Broadbent issued the conduct report after he ordered Wand to move to another cell at WSPF. (Dkt. #8, at 4.)

In an attempt to resolve the conduct report informally, another correctional officer offered Wand seven days of room confinement as punishment. (*Id.*) Wand declined the offer, stating that he would accept punishment for passing envelopes to another inmate, but not for any other charged violation. (*Id*.) Wand claims that Broadbent then imposed ten days of room confinement, rather than seven days, because Wand contested the conduct report. (*Id*. at 5.)

Shortly after receiving this punishment, Wand appealed the conduct report to the warden. (Dkt. #21-1, at 1.) The warden concluded that the evidence supported the charges, but reduced Wand's punishment to a reprimand. (*Id.*)

In his amended complaint filed under 42 U.S.C. § 1983, Wand contends that Broadbent retaliated against him in violation of his constitutional rights by increasing his punishment from seven days to ten days of room confinement after Wand contested the conduct report. (Dkt. #8 at ¶ 21.) Wand alleges that Broadbent retaliated further after Wand filed this lawsuit by (1) transferring the inmate who was helping Wand with legal matters to a different housing unit so that this inmate could no longer help Wand, who is legally blind; and (2) threatening Wand and two other inmates with conduct reports if Wand did not corroborate the contents of another inmate's letter that falsely accused the two inmates of extorting Wand. (*Id*. at ¶¶ 33-36.)

Broadbent moves for partial summary judgment, arguing that Wand did not exhaust available administrative remedies on his claim that Broadbent increased his punishment from seven days' room confinement to ten days room confinement in retaliation for contesting the conduct report. (Dkt. #19.) The Prison Litigation Reform Act ("PLRA") requires an inmate to first exhaust all "administrative remedies as are available" before bringing a federal action challenging conditions of confinement. 42 U.S.C. § 1997e(a). The purpose of the exhaustion

requirement is to afford prison administrators a fair opportunity to resolve an inmate's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id*. at 90. Complete exhaustion "is necessary even if … the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). An inmate's failure to exhaust constitutes an affirmative defense, which the defendant must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, the movant must show that there is no genuine issue of material fact as to the plaintiff's failure to exhaust. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies an inmate "must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). To exhaust claims related to a conduct report an inmate in the Wisconsin Department of Corrections "must raise the issue at the disciplinary hearing and again on appeal to the warden." *Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023) (citing Wis. Admin. Code § DOC 303.82(1)). Wisconsin inmates are not entitled to a disciplinary hearing for a contested minor conduct report, but inmates have an opportunity to raise issues by making a statement in response to the conduct report before pursuing an appeal to the warden. *See* Wis. Admin. Code § DOC 303.77(2)(b). "The warden's decision is final regarding the sufficiency of the evidence," but an inmate may appeal procedural deficiencies through the DOC's Inmate Complaint Review System

("ICRS"). *See* Wis. Admin. Code §§ DOC 303.82(4), 310.06(2); *see also Bradley v. Kessnich*, No. 20-cv-562-jdp, 2022 WL 1063815, at *3 (W.D. Wis. Apr. 8, 2022). To exhaust administrative remedies through the ICRS, an inmate must file a complaint with the prison complaint examiner within fourteen calendar days of the incident. *See* Wis. Admin. Code § DOC 310.07(2). Each complaint may contain only one clearly identified issue, and it must contain sufficient information for the department to investigate and decide the complaint. *See* Wis. Admin. Code § DOC 310.07(5), (6). An inmate may appeal the decision on the inmate complaint within fourteen days after the date of the decision. *See* Wis. Admin. Code § DOC 310.09(1).

To exhaust a retaliation claim an inmate must identify "*both* the protected conduct that caused the retaliation *and* the retaliatory act." *Boyd v. Heil*, No. 17-cv-209-wmc, 2020 WL 137300, at *3 (W.D. Wis. Jan. 13, 2020) (emphasis in original) (citing *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017); and *Wine v. Pollard*, No. 08-cv-173-bbc, 2008 WL 4379236, at *3 (W.D. Wis. Sept. 23, 2008)). The record shows that Wand filed a statement in response to the minor conduct report, but he did not allege that Broadbent improperly increased his punishment for contesting the conduct report. (Dkt. #21-1, at 2.) Wand also made no mention of Broadbent or the increase in punishment during his appeal from the conduct report. (Dkt. #21-1, at 1.) There is no evidence showing that Wand pursued any other administrative remedy with respect to his claim that Broadband improperly increased his punishment for contesting his conduct report. Because Wand failed to put prison officials on notice of this claim, he

4

failed to exhaust administrative remedies and Broadbent is entitled to summary judgment on this claim.

ORDER

IT IS ORDERED that:

1. Defendant Anthony Broadbent's motion for partial summary judgment on the issue of exhaustion (dkt. #18) is GRANTED.

2. Plaintiff's claim that Broadbent retaliated against him by increasing his punishment for contesting CR 00022459 is DISMISSED without prejudice for lack of exhaustion.

3. Defendant shall file any additional dispositive motions in this case by August 9, 2024. Plaintiff shall have 30 days to respond. Defendant may file any reply within 14 days of plaintiff's response.

Entered this 11th day of June, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge