IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARMIN WAND, III,

                Plaintiff,

v.                                        ORDER

ANTHONY BROADBENT,                      19-cv-927-wmc

                Defendant.

---

Plaintiff Armin Wand, III, a state inmate who represents himself, was granted leave to proceed with two claims against defendant Unit Manager Anthony Broadbent. (Dkt. #10.) In the first claim, plaintiff alleged that defendant issued a false conduct report, then retaliated by increasing plaintiff's punishment after plaintiff contested it. In the second claim, plaintiff alleged that defendant retaliated further after plaintiff filed this lawsuit by transferring the inmate who was helping him and by threatening plaintiff with another conduct report. On June 11, 2024, the court granted defendant's motion for partial summary judgment and dismissed plaintiff's first claim of retaliation for lack of exhaustion. (Dkt. #49.) Plaintiff has now filed a motion to alter or amend the judgment of partial summary judgment, arguing that he has proof of exhaustion. (Dkt. #54.) Defendant has filed a response and a motion to stay the dispositive motion deadline pending a ruling on plaintiff's motion, which will be denied for reasons explained below. (Dkt. #58, #59.)

Plaintiff moves for reconsideration of the partial summary judgment under Federal Rule of Civil Procedure 59(e), arguing that the court erred by concluding that he did not exhaust administrative remedies regarding his first claim of retaliation. "'Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or

present newly discovered evidence.'" *Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 893 (7th Cir. 2024) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). Plaintiff does not demonstrate that the court erred.

To the contrary, plaintiff's first retaliation claim concerned a minor conduct report that the defendant issued against him on June 16, 2019, for possessing contraband and disobeying orders. (Dkt. #21-1 (CR #00022459), at 1.) Although plaintiff claimed that he was offered seven days of room confinement as punishment, defendant sentenced him to ten days. Plaintiff appealed that sentence, arguing that it was excessive. After plaintiff had served his ten-day sentence, the warden found that the evidence was sufficient to support the charges but agreed that 10 days was excessive and reduced plaintiff's punishment to a reprimand. (*Id.*)

In this lawsuit, plaintiff claimed that defendant improperly increased his punishment from seven days to ten days of room confinement in retaliation after plaintiff contested the minor conduct report. (Dkt. #8 at ¶ 21.) As explained previously, plaintiff was required by prison procedure set out in Wis. Admin. Code § DOC 303.82(1) to raise any objections to the conduct report in a statement in response and again during his appeal to the warden. *See Ajala v. Tegels*, No. 22-cv-286-jdp, 2023 WL 3072782, at *1 (W.D. Wis. Apr. 25, 2023) (citing Wis. Admin. Code § DOC 303.82(1)). Although plaintiff made a statement in response to the conduct report and then pursued an appeal to the warden, he did *not* complain of retaliation. Because plaintiff did not raise his retaliation claim in compliance with procedure or in any other grievance, the court concluded that he did not exhaust available administrative remedies as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a), and granted defendant's motion for partial summary judgment on that claim. (Dkt. #49, at 4-5.)

Still, plaintiff now argues that the court erred by concluding that he did not exhaust administrative remedies because, although he did not comply with Wis. Admin. Code § DOC 303.82(1), he raised his retaliation claim in an inmate complaint. (Dkt. #54, at 2.) Plaintiff does not present any newly discovered evidence in support of this argument. Instead, he repeats an argument that he raised previously in response to the motion for partial summary judgment, which the court rejected. (Dkt. #26, at 2, 5-8; #49, at 4.) "A Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Plaintiff fails to demonstrate that he satisfied the exhaustion requirement by filing an inmate complaint regarding the minor conduct report issued by the defendant. An inmate may appeal procedural deficiencies related to a conduct report through the DOC's Inmate Complaint Review System ("ICRS"). *See* Wis. Admin. Code §§ DOC 303.82(4), 310.06(2); *see also Bradley v. Kessnich*, No. 20-cv-562-jdp, 2022 WL 1063815, at *3 (W.D. Wis. Apr. 8, 2022). To exhaust administrative remedies through the ICRS, an inmate must file a complaint with the prison complaint examiner. *See* Wis. Admin. Code § DOC 310.07(2). An inmate complaint may contain only one clearly identified issue, and it must contain sufficient information for the department to investigate and decide the complaint. *See* Wis. Admin. Code § DOC 310.07(5), (6). An inmate may then file an appeal from the complaint examiner's decision. *See* Wis. Admin. Code § DOC 310.09(1).

The record refutes plaintiff's claim that he exhausted administrative remedies with respect to his first claim of retaliation involving CR #00022459. In response to the motion for partial summary judgment, plaintiff pointed to an inmate complaint that he filed through ICRS. (Dkt. #28-1, at 1-3.) In that inmate complaint (WSPF-2019-14431), plaintiff's only

3

claim was that, although his punishment in connection with CR #00022459 was reduced to a reprimand, he had already served ten days of room confinement before the appeals process was completed.  (*Id*. at 1, 3, 6.)  The inmate complaint examiner dismissed the complaint because it did not concern a procedural error and was "not reviewable by the ICRS."  (Dkt. #28-1, at 6, 8.)  Plaintiff filed an appeal from that decision, arguing that prison policy should be changed to prevent inmates from serving their punishment before the appeals process is completed.  (*Id*. at 9.)  Again, however, plaintiff's appeal made no reference to a retaliatory increase in sentence by the defendant and that appeal was dismissed.  (*Id*. at 9, 13.)

Accordingly, the inmate complaint that plaintiff submitted is also insufficient to exhaust administrative remedies for two reasons.  First, neither the inmate complaint nor the subsequent appeal included a claim that defendant increased plaintiff's punishment *in retaliation*.  (Dkt. #28-1, at 1, 3, 9.)  To exhaust a retaliation claim an inmate must identify "*both* the protected conduct that caused the retaliation *and* the retaliatory act." *Boyd v. Heil*, No. 17-cv-209-wmc, 2020 WL 137300, at *3 (W.D. Wis. Jan. 13, 2020) (emphasis in original) (citing *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017); and *Wine v. Pollard*, No. 08-cv-173-bbc, 2008 WL 4379236, at *3 (W.D. Wis. Sept. 23, 2008)).  Second, the inmate complaint was dismissed because it raised an issue that was not reviewable, meaning that the complaint was not properly filed in compliance with prison procedures.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules.").  Because plaintiff does not show that his first retaliation claim was dismissed in error, his motion for relief under Rule 59(e) is denied.

ORDER

IT IS ORDERED that plaintiff's motion to alter or amend (dkt. #54) is DENIED.

Defendant's motion to stay the dispositive motion deadline (dkt. #59) is also DENIED.

Entered this 17th day of July, 2024.

                            BY THE COURT:

                            /s/

                            _____
                            WILLIAM M. CONLEY
                            District Judge